

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2007

# Huang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3636

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Huang v. Atty Gen USA" (2007). *2007 Decisions.* Paper 24.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/24

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3636

XUE LONG HUANG,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of a Decision of the
Board of Immigration Appeals (Agency No. A 97-401-353)
Immigration Judge: Annie S. Garcy

Submitted under Third Circuit L.A.R. 34.1(a)
December 14, 2007

Before: SLOVITER and AMBRO, *Circuit Judges*,
and POLLAK,* *District Judge*.

(Filed: December 20, 2007)

OPINION

POLLAK, *District Judge*

---

* Honorable Louis H. Pollak, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Xue Long Huang petitions for review of the Board of Immigration Appeals' decision denying his request for asylum, withholding of removal, and relief under the Convention Against Torture. For the reasons that follow, we will deny the petition.

I.      Facts and procedural history

Huang, a citizen and native of the People's Republic of China, entered the United States without proper entry documents in December 2003. At a subsequent removal hearing, Huang admitted removability, but applied for asylum, withholding of removal, and CAT relief, all on the ground that he, as a practitioner of Falun Gong, would be persecuted and tortured if returned the China.

Upon arriving in the United States, Huang was detained and accorded a credible-fear interview. At that interview, he claimed that he began practicing Falun Gong on February 15, 2002. AR 287. According to Huang, a friend of his was coerced into telling the police that Huang practiced the religion, and Huang was arrested while practicing Falun Gong at home on March 22, 2002, by four or five police officers. *Id.* Huang further claimed that he was detained for nearly a month (until April 16, 2002), and beaten on twenty occasions during his detention. *Id.* He stated that he was forced to promise never to practice Falun Gong again, and that he would be subject to persecution if returned to China because he would continue practicing the religion. *Id.*

At his asylum hearing, Huang testified that a friend introduced him to Falun Gong, and that he began practicing it at that friend's home in September 2001. *Id.* at 92. A few

2

months later, in January 2002, the friend was arrested for practicing Falun Gong and gave Huang's name to the police. *Id.* at 95. The day after (still in January 2002), Huang himself was arrested, interrogated, beaten, and detained for a month. *Id.* Huang testified that he was only released because his parents agreed to pay the police a handsome sum. *Id.* at 97. After he was released, Huang found that he was regularly tracked by police agents. *Id.* To escape a life of constant surveillance, Huang left China in December 2002, and eventually made his way to the United States, arriving nearly a year later. *Id.* at 98.

Noting the discrepancies between the dates given at the hearing and in the credible-fear interview, the IJ probed Huang for an explanation, but he was unable to provide one. *Id.* at 122. On cross examination, Huang admitted that he was brought to the United States by professional alien smugglers. *Id.* at 139. He further admitted that his family had paid the smugglers $66,000 to have him successfully admitted to the United States, and that the money was only payable upon his release from custody. *Id.* Most importantly, he admitted that the smugglers instructed him to claim to be a persecuted practitioner of Falun Gong. *Id.* at 141.

The Immigration Judge denied Huang's application for relief, finding his testimony of his practice of Falun Gong not credible. The BIA affirmed and adopted the IJ's decision, and Huang now petitions for review.[1]

---

[1] We have jurisdiction to hear the petition under 8 U.S.C. § 1252.

II.     Standard of review

Because the BIA expressly adopted the IJ's findings with no substantive addition

of its own, we review both decisions. *Lucinda v. Att'y Gen.*, 502 F.3d 273, 279 (3d Cir.

2007). The sole issue on petition is whether it was permissible for the IJ to discredit

Huang's testimony.[2] This is a finding of fact, and we, accordingly, review it under the

substantial-evidence standard. *Xie v. Ashcroft*, 359 F.2d 239, 243 (3d Cir. 2004). We

may not set aside the IJ's finding unless "any reasonable adjudicator would be compelled

to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

III.    Discussion

As the IJ noted, Huang's testimony that he was brought to the United States by

paid smugglers who told him to claim to practice Falun Gong raises serious questions

about Huang's credibility. As the IJ also noted, Huang's testimony at the asylum hearing

seems internally inconsistent: at one point, he testified that he practiced Falun Gong from

early September 2001 until late January 2002 before he was arrested, AR 92–95; at

another, he testified that he practiced Falun Gong for a period of 30 days, *id.* at 124. The

IJ found puzzling the different dates Huang offered in his testimony at the asylum hearing

and in his responses at his credible-fear interview. To remember such specific dates, yet

remember them differently on the two occasions, led the IJ to suspect that the stories were

---

[2] Huang's only evidence that he practices Falun Gong was his testimony to that effect.
Thus, for Huang to be accorded relief, that testimony must be believed.

contrived, particularly in light of Huang's inability to explain the discrepancies.[3]

Besides these inconsistencies, as the IJ noted, Huang displayed only a limited knowledge of Falun Gong at his asylum hearing, *id.* at 132–33, and he appears not to have taken an interest in practicing Falun Gong with others here in the United States, *id.* at 147. Both of these facts legitimately raise questions about his devotion to the practice. Also, though testifying that he lived with an uncle who knew of his devotion to Falun Gong, Huang did not produce any corroborating evidence (*e.g.*, a statement from his uncle), nor did he give any reason why he could not do so. *Id.* at 126. All of this evidence together forms a sufficient basis for the IJ to disbelieve Huang's testimony that he is a Falun Gong practitioner.[4]

---

[3] We recognize that this Court has expressed some concern with making an adverse credibility finding on the basis of a petitioner's difficulty remembering dates because it is understandable that specific dates might not stick in a person's mind and because such inconsistencies rarely go to the heart of the petitioner's claim. *Senathirajah v. INS*, 157 F.3d 210, 221 (3d Cir. 1998). Similarly, we have expressed concern with making adverse credibility findings on the basis of answers given at an airport credible-fear interview because the interviewee may be confused, tired, or otherwise indisposed to respond to questioning. *See Dia v. Ashcroft*, 353 F.3d 228, 257 (3d Cir. 2003) (en banc). Here, however, these concerns are attenuated. Huang claimed to remember specific dates, and those dates allegedly correspond to events at the heart of his claim. Thus, it was legitimate for the IJ to express concern that he remembered such different dates on different occasions. Moreover, the credible-fear interview did not take place until more than a week after Huang entered the United States, AR 285, and Huang confirmed that the interview was conducted with the assistance of a translator who spoke his language and dialect, *id.* at 144. Nothing indicates that he was in any way impaired in responding to the interviewer's questioning, and so the IJ could legitimately expect that his responses be believable and consistent with his subsequent testimony.

[4] Our decision in this case rests on the combined effect of these several problems with Huang's testimony; we express no opinion on whether any one inconsistency, standing alone, would support the IJ's adverse credibility finding.

IV.    Conclusion

The IJ's adverse credibility finding has sufficient support in the administrative record.  Therefore, we will deny Huang's petition for review.